UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

ANTHONY S. BERRINGER,

        Plaintiff,

  vs.

Correctional Officers F. MEZA, M. SANDOVAL, E. DELROSARIO, and C. LOPEZ,

        Defendants.

                                         /

No. C 11-1884 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

      Plaintiff, a state prisoner currently at the Robert L. Donovan facility in San Diego, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis. Venue is proper here because the claim is based on events that occurred when plaintiff was housed at Salinas Valley State Prison, and because the defendants likely reside in this district. *See* 28 U.S.C. § 1391(b).

## DISCUSSION

**A.    Standard of Review**

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2).

      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary;

the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  However, complaints in pro se prisoner cases, such as this one, must be liberally construed in favor of the plaintiff when applying the *Twombly/Iqbal* pleading standard. *Hebbe v. Miller*, 602 F.3d 12020, 1205 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff's claim arises from a battering he received from a fellow inmate on December 10, 2010.  He asserts that while he was out of his cell, correctional officers Meza and Sandoval allowed an inmate named Marc Hunter, who had been designated an enemy of plaintiff, into his cell with the intent to cause plaintiff injury.  Hunter hid in the cell and when plaintiff was returned to it, attacked him.  He also alleges that although defendant Lopez had granted plaintiff's grievance asking that Hunter be put on plaintiff's enemies list,

he denied plaintiff's request that Hunter be housed in a different unit. These allegations are sufficient to state a claim.

As to defendant Delrosario, plaintiff alleges only that Delrosario did not check "the wooden box who [inmates?] are single cell status[]." This allegation does not make sense, so fails to state a claim. The claim against Delrosario will be dismissed with leave to amend to explain in more detail what plaintiff contends Delrosario did that violated his constitutional right. Plaintiff should note carefully that if he files an amended compliant, he should also include in it the claims against the other defendants, because the amended complaint completely replaces the original one.

## CONCLUSION

1. For the foregoing reasons, the claim against Delrosario is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must be on the court's form for section 1983 prisoner complaints, like the one plaintiff used for the original complaint, but plaintiff should put the caption, civil case number used in this order, and the words AMENDED COMPLAINT on the first page.

Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present, including those that the court has here found sufficient to proceed. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.

If plaintiff does not amend within the time allowed, the claim against Delrosario will be dismissed without further leave to amend and the other claims will proceed.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute.

**IT IS SO ORDERED.**

Dated: June 28, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.11\BERRINGER1884.DWLTA.wpd